IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HUMBERTO HUANCA
6062 Bellview Drive
Apt. 102
Falls Church, Virginia 22041

VALENTIN ALEGRE LOPEZ
3741 Lake Street
Apt. 304
Arlington, Virginia 22041

    Plaintiffs,

v.

CONNELL & SCHMIDT BUILDERS, LLC
817 L Street SE
Washington, DC 20003

    Serve: Resident Agent
           JD Schmidt
           Services Inc.
           817 L Street SE
           Washington, DC 20003

JONATHAN DAVID SCHMIDT
817 L Street SE
Washington, DC 20003

and

JESSE CONNELL
817 L Street SE
Washington, DC 20003

    Defendants.

Civil Action No.

## COMPLAINT

Plaintiffs, Humberto Huanca and Valentin Alegre Lopez ("Plaintiffs"), by and through their attorneys, Mary Craine Lombardo and Stein Sperling Bennett De Jong Discoll PC, hereby

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3928455_1

file their Complaint against Connell & Schmidt Builders LLC, Jonathan David Schmidt ("JD Schmidt") and Jesse Connell (collectively "Defendants"), under the D.C. Wage Payment and Collection Law ("DCWPCL"), D.C. ST § 32-1301, *et seq.*, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the D.C. Minimum Wage Revision Act ("DCMWRA") D.C. ST §32-1003, *et seq.*, stating as follows:

## INTRODUCTION

Plaintiffs worked for Defendants as laborers. Plaintiffs were paid at the same hourly rate per hour worked. They worked hours in excess of forty hours per week and were not paid at the overtime rate of one and a half times their regular hourly rates as required by D.C. and federal law. Defendants have willfully violated the clear and well-established overtime provisions of the FLSA, the DCMWRA, and the DCWPCL. Plaintiffs seek compensatory and statutory damages for all unpaid overtime compensation, as well as attorneys' fees and costs.

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiffs are adult residents of Virginia.

4. Defendant Connell & Schmidt Builders LLC ("Connell & Schmidt") is a Virginia corporation, registered to do business in D.C.

5. Defendants JD Schmidt and Jesse Connell (the "Individual Defendants") are the owners of Connell & Schmidt.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

6.  At all times material herein, Defendants, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

7.  Each Defendant is an "employer" within the meaning of the FLSA, the DCMWRA, and the DCWPCL.

8.  Defendants have at least two or more employees who are engaged in commerce, handle, sell or otherwise work on goods or materials that have moved in or were produced for commerce. Defendants negotiate and purchase from producers and suppliers who operate in interstate commerce and serve customers in interstate commerce.

9.  At all times relevant, Defendants constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

10. The Individual Defendants controlled the day to day operations of Connell & Schmidt.

11. The Individual Defendants had the power to hire, fire, suspend, and discipline Plaintiffs.

12. The Individual Defendants supervised Plaintiffs directly or indirectly.

13. The Individual Defendants directly or indirectly set and controlled Plaintiffs' work schedules or had the power to do so.

14. The Individual Defendants directly or indirectly set and determined the rate and method of Plaintiffs' pay or had the power to do so.

15. The District Court of the District of Columbia has made clear that plaintiffs can pursue individual employers regardless of corporate shields under FLSA and the DCWPCL if the

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

employer met the economic reality test for "control." *Ventura v. Bebo Foods, Inc.*, 2738 F. Supp.2d 1, 5 (2010).

16. The economic reality test for "control" considers "whether the putative employer has the power to hire and fire, supervise and control work schedules or conditions of employment, determine rate and method of pay, and maintain employment records." *Id.*

17. The Individual Defendants would be considered employers for purposes of individual liability because of their intrinsic involvement in the business.

## FACTS

18. Plaintiffs were employed by Defendants as laborers from October 2011 through June 2014 (the "Employment Period").

19. Plaintiff Humberto Huanca was paid at two different regular hourly rates. From October 22, 2011 through October 4, 2013 he was paid at a regular hourly rate of $15.00 and from October 5, 2013 through April 4, 2014 he was paid at a regular hourly rate of $17.00. He worked approximately fifty-seven hours per week and was never compensated at the required overtime rate, of one and one half times his regular hourly rate, for those hours worked over forty hours.

20. Plaintiff Humberto Huanca is owed approximately $14,638.75 in overtime wages.

21. Plaintiff Valentin Alegre Lopez was paid at two different hourly rates. From October 22, 2011 through October 4, 2013 he was paid at a regular hourly rate of $15.00 and from October 5, 2013 through April 4, 2014 he was paid at a regular hourly rate of $17.00. He worked approximately fifty-seven hours per week and was never compensated at the required overtime rate, of one and one half times his regular hourly rate, for those hours worked over forty hours.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3928455_1

22. Plaintiff Valentin Alegre Lopez is owed approximately $14,638.75 in overtime wages.

23. Plaintiffs are owed overtime wages that Defendants willfully failed and refused to pay to Plaintiffs in violation of D.C. and federal law.

24. By statute, Defendants are required to maintain records which document the number of days Plaintiffs worked. *See* 29 U.S.C. §211(c).

25. The precise number of hours worked and wages owed should be revealed through discovery.

26. Defendants knowingly and intentionally violated Plaintiffs' rights under D.C. and federal law.

## COUNT I
## (FLSA)

27. Plaintiffs adopt herein by reference paragraphs 1 through 26 above as if fully set forth herein.

28. Defendants were required to pay Plaintiffs compensation at the rate of one and a half times their regular hourly rates for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

29. Throughout the Employment Period, Defendants failed to compensate Plaintiffs at the rate of one and a half times their regular hourly rates for all hours worked in excess of forty hours per week.

30. Defendants' actions complained of herein constitute a willful violation of Section 207 of the FLSA.

31. Defendants' violation makes them liable to Plaintiffs for all unpaid overtime compensation, and an additional equal amount as liquidated damages.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3928455_1

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment against Defendants, jointly and severally, and in their favor in an amount to be determined at trial, but not less than $58,555.00, which is two times the total wages and overtime compensation owed, reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## COUNT II
### (Violation of the D.C. Minimum Wage Revision Act)

32. Plaintiffs adopt herein by reference paragraphs 1 through 26 above as if fully set forth herein.

33. Defendants were required to pay Plaintiffs one and a half times their regular hourly rates for hours in excess of forty hours per week. *See* D.C. ST §32-1012.

34. Throughout the Employment Period, Defendants failed to compensate Plaintiffs at the rate of one and a half times their regular hourly rates for all hours worked in excess of forty hours per week as required by the DCMWRA.

35. Unpaid wages are due and owing to Plaintiffs by Defendants.

36. Defendants' failure and refusal to comply with their obligations under the DCMWRA was willful and not in good faith.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment against Defendants, jointly and severally, and in favor of Plaintiffs in an amount to be determined at trial, but not less than $58,555.00 and to grant to Plaintiffs their reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

## COUNT III
### (Violation of the D.C. Wage Payment and Collection Law)

37. Plaintiffs adopt herein by reference paragraphs 1 through 26 above as if fully set forth herein.

38. The amounts owed to Plaintiffs by Defendants for unpaid overtime compensation constitute "wages" under the DCMWPCL. D.C. ST § 32-1301(3).

39. Defendants were required to pay to Plaintiffs overtime wages at the rate of one and a half times their regular hourly rates for all hours worked in excess of forty hours per week.

40. While employed by Defendants, Plaintiffs worked overtime hours that were not properly compensated by Defendants as required by the DCWPCL.

41. Unpaid overtime wages are due and owing to Plaintiffs by Defendants.

42. Defendants' failure and refusal to comply with their obligations under the DCWPCL was not due to any bona fide dispute, and was therefore willful and not in good faith.

WHEREFORE, Plaintiffs respectfully request this Honorable Court to enter judgment against Defendants, jointly and severally, and in favor of Plaintiffs in an amount to be determined at trial, but not less than $87,832.50, which is approximately three times the wages owed; and to grant to Plaintiffs their reasonable attorneys' fees and costs and such other and further relief as the Court deems just and proper.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

                        Respectfully submitted,

                        STEIN SPERLING BENNETT
                        DE JONG DRISCOLL PC

By:      /s/ *Mary Craine Lombardo*
            Mary Craine Lombardo (495881)
            25 West Middle Lane
            Rockville, Maryland 20850
            (301) 340-2020
            (301) 354-8126 – fax
            mlombardo@steinsperling.com

*Attorneys for Plaintiffs*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020